## ELIAKIM DAVIS *et ux.* Appellants &c. *versus* PHILIP F. COWDIN.

An administrator *de bonis non, cum testamento annexo,* settled his first account in 1818, and a second account in 1822 ; but in 1825, on the petition of the residuary legatee, who alone was entitled to any balance in the administrator's hands, a re-hearing was had in the Probate Court, and the administrator was ordered by a de-cree of that court, to credit the estate with an additional sum of money. From this decree the legatee appealed, on the ground, that a larger sum should be credit-ed, but failed to prosecute the appeal, and it was dismissed. The legatee thereup-on demanded of the administrator payment of the sum so ordered to be credited, and upon his refusal to pay the same, brought an action therefor against him, in which action judgment was rendered in 1835, in favor of the administrator, on the ground that the decree had been vacated by the appeal. In 1836, the legatee filed a petition in the Probate Court for a second re-hearing, on the ground, that the account had been settled fraudulently ; but the petition was dismissed by that court in 1837. Upon appeal to this Court, it was ordered, that unless the respond-ent should pay to such legatee the amount with which he had been ordered to cred-it the estate in 1825, with interest thereon from the time of the demand, and costs, the prayer of the petition should be granted.

APPEAL from a decree of the Probate Court.

It appeared, that in December, 1818, the appellee, as ad ministrator *de bonis non, cum testamento annexo,* of Benjamin Kemp, settled his administration account in the probate office , and that Abigail Davis, the wife of the appellant Eliakim Davis, was, at that time, the widow of Kemp, and his residuary legatee.

The appellants contended, that this account was settled without actual notice to the widow ; but the papers in the probate office purported or stated, that notice was given to her.

The appellee settled a second administration account in March, 1822, which was after the marriage of the widow to Eliakim Davis ; and upon such settlement, which took place after a full hearing, Davis being present, the sum of $14·08 was found to be due from the estate to the appellee. This account included the balance due from the appellee on the settlement of the first account.

The appellants, after their marriage, presented a petition to the Probate Court for a re-settlement of the account, which petition was granted ; and upon a re-hearing in 1825, the appellee was ordered by a decree of the Probate Court, to credit

the estate of Kemp with the additional sum of 109·64, on account of certain charges made by him to the estate, as the appellants alleged, for money paid, but which had not, in fact, been paid by him. From this decree Davis and wife appealed, on the ground, that the appellee should have been ordered to credit the estate with a larger sum. The appeal was entered ; but the appellants failed to prosecute it ; and it was consequently dismissed by the Supreme Court of Probate.

The appellants subsequently demanded of the appellee payment of the sum of $109·64 ; and upon his refusal to pay the same, brought an action of debt against him upon his administration bond, to recover the sum due by the last-mentioned decree of the Probate Court ; but upon a hearing before the Supreme Judicial Court in October, 1835, it was held, that such decree was vacated by the appeal, and thereupon judgment was rendered for the appellee.

In May, 1836, the appellants filed a petition for a re-hearing, in the Probate Court ; and at a hearing had thereupon before the judge of probate in June, 1837, offered to prove, that the account, from the decree in regard to which they had appealed, was settled fraudulently on the part of the appellee. But the judge of probate declined to hear the evidence, and decreed, that the petition should be dismissed. The appellants thereupon appealed to this Court.

If the Court should be of opinion, that the cause of action was barred, on any legal ground, upon these facts, this decree of the judge of probate was to be affirmed, and the appeal dismissed ; otherwise the decree was to be reversed, and the case remitted to the Probate Court for a further hearing upon the merits.

*Merrick*, for the appellants, to the point, that an administrator may be required to re-settle his account in the probate office, if it was originally settled fraudulently, cited *Jennison* v. *Hapgood*, 7 Pick. 1 ; *Saxton* v. *Chamberlain*, 6 Pick. 422 ; *Field* v. *Hitchcock*, 14 Pick. 405.

*Washburn*, *Torrey* and *Wood*, for the appellee, to the point, that after the claim of the appellants was carried out of the jurisdiction of the judge of probate by the first appeal, he could not interfere un'ess the case was sent back to him, cited

*Baylies* v. *Davis*, 1 Pick. 206 ; to the point, that as the claim of the appellants was barred by the statute of limitations, unless the alleged fraud was discovered within six years, it was incumbent on the appellants to aver and prove, that it was so discovered, *Homer* v. *Fish*, 1 Pick. 435 ; *South Sea Company* v. *Wymondsell*, 3 P. Wms. 143 ; *Kane* v. *Bloodgood*, 7 Johns. Ch. R. 90, 114 ; and to the point, that the claim of the appellants was barred by acquiescence on their part, *First Mass. Turnp. Corp.* v. *Field*, 3 Mass. R. 201 ; *Johnson* v. *Ames*, 11 Pick. 173 ; *Stetson* v. *Bass*, 9 Pick. 27 ; *Codman* v. *Rogers*, 10 Pick. 112

*Oct. 5th.*       SHAW C. J. delivered the opinion of the Court.    The petitioners have filed their petition in the Probate Court, for a re-hearing of the subject of a decree made twenty years ago. It is certainly an extraordinary case, and in general such a lapse of time would be decisive against the opening of an administration account.

This is an application for the extraordinary interposition of the authority of the Supreme Court of Probate, and must be determined upon a full consideration of all the circumstances of the case, upon equitable grounds.    It is a claim to open the account on the ground of fraud, and as such is within the jurisdiction of the Court.    *Jennison* v. *Hapgood*, 7 Pick. 1 ;   *Field* v. *Hitchcock*, 14 Pick. 405.

In the first place, it is apparent, that upon a full hearing in the Probate Court in 1825, the petitioners obtained a decree, charging the administrator with $109·64, and that on the ground of having charged in his account, moneys that he had not paid.    By claiming no appeal, the administrator submitted to this decree, and but for the appeal of the other party, would have been bound by it.    This affords strong *primâ facie* evidence that that sum was justly due to the petitioners.

It is also highly probable from the circumstances, that the petitioners, having appealed to obtain a larger sum, when they abandoned that appeal, did it under a mistaken belief, that as the other party had not appealed, when they relinquished their appeal, the decree appealed from would remain in force without an affirmance by the court appealed to, and that they might legally obtain the amount of that decree, upon demand.

There is another view, having a strong bearing upon the equities of this case.  Ordinarily, the strong and often a decisive objection to opening an old and long settled account is, because it would disturb and unsettle fixed rights and relations, where parties cannot be placed *in statu quo*.  But in this case, the claim is made by a residuary legatee, who alone is entitled to any balance in the administrator's hands.  If he has failed to account and pay over, according to his duty, the sum retained enures to his own use ; no other legatees or distributees have received it, or can make claim to it.  It is a case, in which the petitioners and the respondent are alone, directly and adversely interested.

Then, what is the real objection to opening the account ?  It is this ; that from the lapse of time, and the consequent probable loss of vouchers and other evidence, the administrator, if now called to settle an account, would do it under great disadvantages.  This is an objection of great weight, and under many circumstances ought to be decisive.

But in the present case, it cannot be said that the petitioners have lulled the administrator into security, by their *laches* or acquiescence.  They have been prosecuting this claim in various forms, almost the whole twenty years.

Under all the circumstances of the case, the Court have come to this conclusion, that the petitioners have a strong equitable claim to the benefit of the decree of 1825 ; and that the abandonment of their appeal, and the demand made for the balance due by that decree, was notice to the administrator, that the petitioners were content to abide by that decree, and accept the sum due upon it ; and no reason is given why it should not be paid.  If the respondent will now pay the balance due by the decree of 1825, with interest thereon from the time of the demand, with costs, then this petition will be dismissed.  Otherwise the prayer of the petition will be granted.